IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:08-CR-367-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| ERIC ADRIAN REYES, | ) | |
| | ) | |
| Defendant. | ) | |

On April 23, 2009, pursuant to a written plea agreement, Eric Adrian Reyes ("Reyes") pleaded guilty to conspiracy to distribute and possess with the intent to distribute 5 kilograms or more of cocaine, a quantity of methamphetamine, and more than 1,000 kilograms of marijuana (count one), and being a felon in possession of a firearm (count four). See [D.E. 24, 25]. On December 15, 2009, the court held Reyes's sentencing hearing. See [D.E. 40, 41]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR"). See Fed. R. Crim. P. 32(i)(3)(A)-(B). The court calculated Reyes's total offense level to be 37, his criminal history category to be VI, and his advisory guideline range on count one to be 360 months' to life imprisonment. See Resentencing Report. After granting the government's motion under U.S.S.G. § 5K1.1 and thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Reyes to 240 months' imprisonment on count one, and 120 months' concurrent imprisonment on count four. See id.; [D.E. 41]. Reyes did not appeal.

On February 2, 2016, Reyes moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782. See [D.E. 48]. Reyes's new advisory guideline range on count one is 292 to 365 months' imprisonment, based on a total offense level of 35 and a criminal

history category of VI. See Resentencing Report. Reyes requests a 195-month sentence on count one. See id.; [D.E. 48].

The court has discretion under Amendment 782 to reduce Reyes's sentence. See, e.g., Chavez-Meza v. United States, 138 S. Ct. 1959, 1963–68 (2018); Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Peters, 843 F.3d 572, 574 (4th Cir. 2016); United States v. Patterson, 671 F. App'x 105, 105–06 (4th Cir. 2016) (per curiam) (unpublished); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Mann, 709 F.3d 301, 306–07 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Reyes's sentence, the court finds that Reyes engaged in serious criminal behavior involving a large quantity of illegal narcotics and firearms. See PSR ¶¶ 9–13. Moreover, Reyes is a recidivist and has convictions for possession of cocaine, possession of marijuana, carrying a concealed weapon, possession with the intent to manufacture, sell, or deliver a schedule II controlled substance, maintaining a vehicle, dwelling, or place for controlled substances, possession with intent to manufacture, sell, or deliver schedule VI controlled substance, possession with intent to sell and deliver cocaine, and conspiracy to traffic in cocaine. See id. ¶¶ 16–24. Reyes also has performed poorly on supervision. See id. ¶¶ 20, 29. Reyes has taken some positive steps while incarcerated on his federal sentence, but he has been sanctioned for giving or accepting money without authorization, possessing a non-hazardous tool (cigarettes), and possessing an unauthorized item. See Resentencing Report; cf. Pepper v. United States, 562 U.S. 476, 491 (2011).

Having reviewed the entire record and all relevant policy statements, the court finds that Reyes received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a). Further reducing Reyes's sentence would threaten public safety in light of his serious criminal conduct, criminal history, and misconduct while incarcerated. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Thus, the court denies Reyes's motion for reduction of sentence under Amendment 782. See, e.g., Chavez-Meza, 138 S. Ct. at 1963–68; Patterson, 671 F. App'x at 105–06; Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, the court DENIES Reyes's motion for reduction of sentence [D.E. 48].

SO ORDERED. This 16 day of July 2018.

JAMES C. DEVER III
Chief United States District Judge